# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

**CLERK'S OFFICE**
**A TRUE COPY**
**Jan 27, 2022**
s/ Michael Longley
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>Information as to all location history data from<br>Google ID: angelaodom42@gmail.com,<br>(further described in Attachment A) | Case No. **22-M-347 (SCD)**<br>Matter No.: 2021R00467 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before    2-10-22    *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Hon. Stephen C. Dries    .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for 30 days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    1-27-22 11:45 am      *Stephen C. Dries* (signature)
*Judge's signature*

City and state:    Milwaukee, WI      Hon. Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

| **Certification** |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

                                                                                       *Executing officer's signature*

                                                                                        *Printed name and title*

# ATTACHMENT A

## Property To Be Searched

This warrant is directed to Google LLC and applies to:

(1) Location History data and all location data derived from "web and App activity", "My Activity", "photos", and "IP logs" associated with the following Google Account related to the Google ID (GAID) / Google Accounts and ID Administration ID numbers (GAIA): #435745508611 and Google email: angelaodom42@gmail.com for the following time period:

November 26, 2021, 12:00 am (CST) – December 1, 2021, 11:59 pm (CST)

# ATTACHMENT B

**I. Information to be disclosed by Google**

The information described in Attachment A, via the following process:

1. Google shall query Location History data for Google Account related to the Google ID (GAID) / Google Accounts and ID Administration ID numbers (GAIA): #435745508611 and Google email: angelaodom42@gmail.com as described in attachment A. The location data should be sourced from information including GPS data, cellular data, web App Activity, "My Activity", user photos, and information about visible wi-fi points and Bluetooth beacons transmitted from devices associated with GAID/GAIA #435745508611 and Google email: angelaodom42@gmail.com during the following time period:

November 26, 2021, 12:00 am (CST) – December 1, 2021, 11:59 pm (CST)

2. The location data should include latitudinal and longitudinal coordinates, dates, and times for GAID/GAIA #435745508611 and Google email: angelaodom42@gmail.com for the abovementioned timeframe.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Jan 27, 2022
s/ Michael Longley
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Information as to all location history data from Google ID: angelaodom42@gmail.com, (further described in Attachment A) | )<br>)<br>) Case No. 22-M-347 (SCD)<br>) Matter No.: 2021R00467<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, USC, Sections 922(j), 922(u), 924(a)(2), 924(l), and 924(m) | Theft of firearms from a Federal Firearms Licensee (FFL). |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

☑ Delayed notice of  30  days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Paul G. Kozelek, ATF Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by  Telephone  *(specify reliable electronic means)*.

Date: 1-27-22

*Judge's signature*

City and state: Milwaukee, WI    Hon. Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Paul G. Kozelek, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a certain Google Advertising ID (also referred to as a Google Account ID, Google User ID, or Google Analytics ID) ("GAID"), that is stored at premises owned, maintained, controlled, or operated by Google LLC ("Google"), an electronic communications service and/or remote computing service provider headquartered at 1600 Amphitheater Parkway, Mountain View, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require Google to disclose to the government copies of the information further described in Attachment B.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been employed in such capacity since January of 2020. As an ATF Special Agent, I have completed training in cases related to the unlawful use of firearms, firearms trafficking, drug trafficking, arson, and explosives.

3. Prior to my employment with ATF, I was a Sheriff's Deputy with the Jackson County Sheriff's Office in Black River Falls, WI. My duties included patrol, drafting and executing search warrants, and investigations related to state and county criminal violations.

4. Before my tenure with the Jackson County Sheriff's Office, I served with the United State Marine Corps from 2004 until 2008, and United States Marine Corps Reserve from

2011 until 2014. I left the Marine Corps as an E6/Staff Sergeant holding the billet of Platoon Commander.

5. I received my bachelor's degree in Criminal Justice Administration from Viterbo University in La Crosse, Wisconsin, in 2016.

6. I have previously applied for and received search and arrest warrants related to the crime of arson, as well as other crimes.

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

8. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that on or about November 27, 2021, unknown persons knowingly stole firearms from a Federal Firearms Licensee (FFL), in violation of Title 18, United States Code, Sections 922(j), 922(u), 924(l), and 924(m). There is also probable cause to search the information described in Attachment A for evidence of these crimes further described in Attachment B.

## JURISDICTION

9. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

10. On or about November 27, 2021, at approximately 3:32 AM, police officers with the Waukesha Police Department were dispatched to the report of burglar alarms at NorthStar Gun Works, LLC, a Federal Firearms Licensee ("FFL") located at 2236 W. Bluemound Road in the City of Waukesha, in the Eastern District of Wisconsin. Upon arrival, officers discovered that a red Dodge Caravan bearing IL license plate BD88884 had been used to ram through the front window to gain entry. Upon investigation, it was found that multiple firearms were missing from the store. The vehicle was later found to have been stolen from 3760 S. 15th Street in Milwaukee, Wisconsin.

11. The firearms taken were described as follows:

   i. a Mosin Nagant (Imported by CAI) model M91 7.62X54R rifle bearing serial number 56207;
   ii. a Marlin 336A .30-30 caliber rifle bearing serial number E10853;
   iii. a Mossberg model 590 12 ga. shotgun bearing serial number T870796;
   iv. a Savage model 220A 20 ga. shotgun with an unknown serial number;
   v. a BPI CNA model Wolf Mag muzzle loading .50 caliber rifle bearing serial number 61-13-01434-09;
   vi. a Mossberg model 715P .22 LR pistol bearing serial number EMK3985918;
   vii. a Ruger model 22/45 Lite .22 LR pistol bearing serial number 391-07913;
   viii. a Glock model 43X 9mm pistol bearing serial number BRSM373; and
   ix. a Tula (imported by KBI Inc.) SKS 7.62X39 rifle bearing serial number RL010662.
   x. Springfield Armory 1911 EMP 9mm pistol bearing serial number EMP73295

12. On November 29, 2021, at approximately 7:00 AM, a 2016 Chevrolet Traverse bearing WI license plate AKE-7869 was reported stolen from 4207 S. 55th St. in the City of Milwaukee. Later that same day, at approximately 2:57 PM, Milwaukee Police Department officers observed the vehicle in the area of S. 13th St. at W. Rogers St. in the City of Milwaukee.

Officers attempted to conduct a traffic stop on the vehicle and it sped off at a high rate of speed. Officers did not initiate a pursuit and lost sight of the vehicle.

13. On November 30, 2021, at approximately 2:08 AM, surveillance video showed that the above Chevrolet Traverse bearing WI license plate AKE-7869 had attempted to ram the front window at The Range of Richfield (an FFL) located at 3026 Helsan Dr. #A in the Town of Richfield in the Eastern District of Wisconsin. The vehicle struck a steel and cement bollard and was unable to reach the front of the store. Suspects attempted to break the window with a tool but were unable to. The suspects left without being able to gain entry.

14. Later that same morning, at approximately 3:57 AM, suspects used the above-described Chevrolet Traverse bearing WI license plate AKE-7869 to ram the front window of Kessler's Diamonds located at N96W16920 County Line Road in the City of Germantown, in the Eastern District of Wisconsin. (This location is approximately eight miles from The Range of Richfield). An employee was notified at approximately 4:20 AM that a motion alarm had been triggered s/he but did not respond to the store. Surveillance video showed suspects entered the store but were unable to take any items.

15. Later that same day, at approximately 2:11 PM, Milwaukee Police officers located the stolen Chevrolet Traverse bearing WI license plate AKE-7869 in the area of the 1400 block of W. Walker St. in Milwaukee. The Traverse was unoccupied. During a search of the stolen vehicle, officers recovered one of the firearms stolen from NorthStar Gun Works, LLC. The firearm was described as the Tula (imported by KBI Inc.) SKS 7.62X39 rifle bearing serial number RL010662. Also inside the vehicle was a LG smart phone by TracFone Wireless. The above items were determined not to belong to the owner of the vehicle. The Tula SKS rifle

bearing serial number RL010662 was manufactured outside the state of Wisconsin and had previously traveled in interstate commerce.

16. SA Kozelek applied for and received a Google geofence warrant on December 23, 2021. The warrant was signed by U.S. Magistrate Judge Nancy Joseph. SA Kozelek received a response from Google on January 19, 2022. That data showed that a unique identifier was at both The Range of Richfield and Kessler's Diamonds during the timeframe of the attempted burglaries. SA Kozelek requested that unique identifier be unmasked, and Google responded on January 24, 2022, with the following information:

   a. Google ID (GAID) / Google Accounts and ID Administration ID numbers (GAIA): Google account ID#435745508611 belonging to Angela Odom with a Google email account of angelaodom42@gmail.com and a recovery phone number of 414-269-7116.

17. This warrant is intended to get further and more detailed location data related to the Google ID (GAID) / Google Accounts and ID Administration ID numbers (GAIA): Google account ID#435745508611 belonging to Angela Odom with a Google email account of angelaodom42@gmail.com and a recovery phone number of 414-269-7116.

**BACKGROUND RELATING TO GOOGLE AND RELEVANT TECHNOLOGY**

18. Based on my training and experience, I know that cellular devices, such as mobile telephone(s), are wireless devices that enable their users to send or receive wire and/or electronic communications using the networks provided by cellular service providers. Using cellular networks, users of many cellular devices can send and receive communications over the Internet.

19. I also know that many devices, including but not limited to cellular devices, have the ability to connect to wireless Internet ("wi-fi") access points if the user enables wi-fi

connectivity. These devices can, in such cases, enable their users to send or receive wire and/or electronic communications via the wi-fi network. A tablet such as an iPad is an example of a device that may not have cellular service but that could connect to the Internet via wi-fi. Wi-fi access points, such as those created through the use of a router and offered in places like homes, hotels, airports, and coffee shops, are identified by a service set identifier ("SSID") that functions as the name of the wi-fi network. In general, devices with wi-fi capability routinely scan their environment to determine what wi-fi access points are within range and will display the names of networks within range under the device's wi-fi settings.

20. Based on my training and experience, I also know that many devices, including many cellular and mobile devices, feature Bluetooth functionality. Bluetooth allows for short-range wireless connections between devices, such as between a device like a cellular phone or tablet and Bluetooth-enabled headphones. Bluetooth uses radio waves to allow the devices to exchange information. When Bluetooth is enabled, a device routinely scans its environment to identify Bluetooth devices, which emit beacons that can be detected by devices within the Bluetooth device's transmission range, to which it might connect.

21. Based on my training and experience, I also know that many cellular devices, such as mobile telephones, include global positioning system ("GPS") technology. Using this technology, the device can determine its precise geographical coordinates. If permitted by the user, this information is often used by apps installed on a device as part of the apps' operation.

22. Based on my training and experience, I know Google is a company that, among other things, offers an operating system ("OS") for mobile devices, including cellular phones, known as Android. Nearly every device using the Android operating system has an associated

Google account, and users are prompted to add a Google account when they first turn on a new Android device.

23. Based on my training and experience, I know that Google offers numerous apps and online-based services, including messaging and calling (*e.g.,* Gmail, Hangouts, Duo, Voice), navigation (Maps), search engine (Google Search), and file creation, storage, and sharing (*e.g.*, Drive, Keep, Photos, and YouTube). Many of these services are accessible only to users who have signed-in to their Google accounts. An individual can obtain a Google account by registering with Google, and the account identifier typically is in the form of a Gmail address (*e.g.*, example@gmail.com). Other services, such as Maps and YouTube, can be used with limited functionality without the user being signed-in to a Google account.

24. Based on my training and experience, I also know Google offers an Internet browser known as Chrome that can be used on both computers and mobile devices. A user has the ability to sign-in to a Google account while using Chrome, which allows the user's bookmarks, browsing history, and other settings to be uploaded to Google and then synced across the various devices on which the subscriber may use the Chrome browsing software, although Chrome can also be used without signing into a Google account. Chrome is not limited to mobile devices running the Android operating system and can also be installed and used on Apple devices and Windows computers, among others.

25. Based on my training and experience, I know that, in the context of mobile devices, Google's cloud-based services can be accessed either via the device's Internet browser or via apps offered by Google that have been downloaded onto the device. Google apps exist for, and can be downloaded to, devices that do not run the Android operating system, such as Apple devices.

26. According to my training and experience, as well as open-source materials published by Google, I know that Google offers account users a service called "Location History," which authorizes Google, when certain prerequisites are satisfied, to collect and retain a record of a device's locations based on information transmitted to Google by the device. That Location History is stored on Google servers and is associated with the Google account associated with the device. Each Google account user may view his or her Location History and may delete all or part of that Location History at any time.

27. Based on my training and experience, I know that the location information collected by Google and stored within an account's Location History is derived from sources including GPS data, wi-fi access points within range of the device, and Bluetooth beacons within range of the device. Google uses this information to calculate the device's estimated latitude and longitude, which varies in its accuracy depending on the source of the data. Google records the margin of error for its calculation as to the location of a device as a meter radius, referred to by Google as a "maps display radius," for each latitude and longitude point.

28. Based on open-source materials published by Google and my training and experience, I know that Location History is not turned on by default. A Google account user must opt-in to Location History and must enable location reporting with respect to each specific device and application on which he or she uses the Google account for that usage to be recorded in Location History. A Google account user can also prevent additional Location History records from being created at any time by turning off the Location History setting for the user's Google account or by disabling location reporting for a particular device or Google application. When Location History is enabled, however, Google collects and retains location data for each device with Location Services enabled, associates it with the relevant Google account, and then uses this

information for various purposes, including to tailor search results based on the user's location, to determine the user's location when Google Maps is used, and to provide location-based advertising. As noted above, the Google account user also has the ability to view and, if desired, delete some or all Location History entries at any time by logging into the user's Google account or by enabling auto-deletion of the Location History records older than a set number of months.

29. Location data, such as that in possession of Google, can assist in a criminal investigation in various ways. As relevant here, I know based on my training and experience that Google has the ability to determine, based on location data collected and retained via the use of Google products as described above, devices that were likely in a particular geographic area during a particular time frame and to determine which Google account(s) those devices are associated with. Among other things, this information can indicate that a Google account user was near a given location at a time relevant to the criminal investigation by showing that his/her device reported being there.

30. Based on my training and experience, I know that when individuals register with Google for an account, Google asks subscribers to provide certain personal identifying information. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I know that even if subscribers insert false information to conceal their identity, this information often provide clues to their identity, location, or illicit activities.

31.     Additionally, Google assigns a unique identifier to each Google subscriber for advertising and marketing purposes. This unique advertising identifier is known as the Google Advertising ID (also referred to as a Google Account ID, Google User ID, or Google Analytics ID) ("GAID"). Google is capable of capturing location data for specific accounts through GAID that is independent of the Location History feature. In fact, the GAID can capture location data even when the location services feature on a cellphone is disabled.

32.     Based on my training and experience, I also know that Google typically retains and can provide certain transactional information about the creation and use of each account on its system. This information can include the date on which the account was created, the length of service, records of login (*i.e.,* session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, Google often has records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the account.

## CONCLUSION

33.     Based on the foregoing, I request that the Court issue the proposed search warrant. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving it on Google. Because the warrant will be served on Google, who will then compile

the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

# ATTACHMENT A

## Property To Be Searched

This warrant is directed to Google LLC and applies to:

(1) Location History data and all location data derived from "web and App activity", "My Activity", "photos", and "IP logs" associated with the following Google Account related to the Google ID (GAID) / Google Accounts and ID Administration ID numbers (GAIA): #435745508611 and Google email: angelaodom42@gmail.com for the following time period:

November 26, 2021, 12:00 am (CST) – December 1, 2021, 11:59 pm (CST)

# ATTACHMENT B

**I. Information to be disclosed by Google**

The information described in Attachment A, via the following process:

1. Google shall query Location History data for Google Account related to the Google ID (GAID) / Google Accounts and ID Administration ID numbers (GAIA): #435745508611 and Google email: angelaodom42@gmail.com as described in attachment A. The location data should be sourced from information including GPS data, cellular data, web App Activity, "My Activity", user photos, and information about visible wi-fi points and Bluetooth beacons transmitted from devices associated with GAID/GAIA #435745508611 and Google email: angelaodom42@gmail.com during the following time period:

November 26, 2021, 12:00 am (CST) – December 1, 2021, 11:59 pm (CST)

2. The location data should include latitudinal and longitudinal coordinates, dates, and times for GAID/GAIA #435745508611 and Google email: angelaodom42@gmail.com for the abovementioned timeframe.